IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RODERICK JACKSON                                                                                    PLAINTIFF

v.                        Civil No. 5:24-cv-05013-TLB-CDC

WALMART, INC.                                                                                       DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Roderick Jackson ("Jackson"), filed this action alleging civil rights violations under § 1983. 42 U.S.C. § 1983. Jackson proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 6) under 28 U.S.C. § 1915(e)(2).

### I.   BACKGROUND

Jackson filed his original Complaint on January 17, 2024. (ECF No. 1). Upon review of his Complaint, it was determined that he failed to properly complete the civil complaint form making it difficult, if not impossible, for the Court to determine the jurisdictional, legal, and factual basis of for his allegation of "abuse of rights by Lp of" Wal-Mart in Omaha, Nebraska. For this reason, Jackson was ordered to file an Amended Complaint by February 14, 2024. (ECF No. 5). Jackson timely filed his Amended Complaint on February 9, 2024. (ECF No. 6). Jackson's IFP application was incomplete, and he was directed to submit a completed IFP by March 6, 2024. (ECF No. 7). On March 18, 2024, Jackson filed a completed IFP application. (ECF No. 10).

That same day, the IFP application was granted. (ECF No. 11). The Amended Complaint is before the Court for screening.

As the basis for jurisdiction, Jackson indicates the Court has federal question jurisdiction. (ECF No. 6 at 3). Jackson cites the Court to § 1983. *Id.*

In his statement of the claim, Jackson says: "Rights violated and abused at a Wal-Mart store." (ECF No. 6 at 4). As relief, Jackson asks for $100 million in damages, for the Court to correct Wal-Mart's conduct, and for Wal-Mart to be required to pay his Court fees. *Id.* In his original Complaint, Jackson alleged an abuse of rights by "Lp" of a Wal-Mart store in Omaha, Nebraska. (ECF No. 1 at 4). He does not indicate when the civil rights abuse occurred or provide a factual description of the abuse.[1]

As noted, Jackson's statement of his claim in his Amended Complaint is slightly different from that articulated in the original Complaint. Rather than direct Plaintiff to submit a second amended complaint, this Court construes Jackson's claims by reading the original Complaint and the Amended Complaint together. *See Kirr v. North Dakota Public Health*, 651 F. App'x 567, 568 (8th Cir. 2016) (concluding that pro se plaintiff's original complaint and two amendments "should have been read together" as constituting his complaint); *Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (pro se complaint must be liberally construed and plaintiff clearly

---

[1] Jackson first filed suit against Wal-Mart on September 29, 2021. *Jackson v. Wal-Mart, Inc.,* Civil No. 5:21-cv-05066. The Amended Complaint alleged a loss prevention employee of Wal-Mart engaged in racial profiling which led to Jackson being accused of a crime and arrested on March 13, 2021. (ECF No. 4 at 4). The case was dismissed for improper service on September 29, 2021. (ECF No. 18 at 2). Currently, Jackson has several cases pending against Wal-Mart. *See e.g., Jackson v. Wal-Mart, Inc.,* Civil No. 5:24-cv-05004 (allegation that he was falsely accused of shop lifting at an Omaha, Nebraska, Wal-Mart store on March 13, 2021); *Jackson v. Wal-Mart, Inc.,* Civil No. 5:24-cv-05005 (civil rights violation occurred at a Wal-Mart store in Omaha, Nebraska, on March 13, 2021).

intended for amended complaint to be read together with original complaint).

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978).  To assert a claim under § 1983, Jackson must allege two elements: (1) the action occurred under color of law and (2) the action is a deprivation of a federal statutory or constitutional right.

Jackson's threadbare allegations are insufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements"). Even considering the original and amended complaints together and giving them an extremely liberal reading, Jackson has failed to provide sufficient factual allegations from which the Court could reasonably infer that Wal-Mart acted under color of law or that a violation of Jackson's constitutional rights occurred. *See e.g., Youngblood v. Hy-Vee Food Stores, Inc.,* 266 F.3d 851, 855 (8th Cir. 2001) (Hy-Vee did not act under color of law when detaining a suspected shoplifter in reliance on a statute which authorized merchants to detain suspected shoplifters in a reasonable manner and for a reasonable time to investigate whether there had been shoplifting did not make it a state actor). No plausible claim is stated under §1983. To the extent Jackson is asserting state law claims, the Court should decline to exercise jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) as all claims over which the Court would have original jurisdiction are being dismissed.

## IV.   CONCLUSION

For these reasons, it is recommended that:

- All federal claims be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2) and for lack of jurisdiction;

- The Court decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

**Status of Referral:   The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  **RECOMMENDED** this 25th day of March 2024.

               *s/ Christy Comstock*
               CHRISTY COMSTOCK
               UNITED STATES MAGISTRATE JUDGE